UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL KERN<br>906 South Poplar Street<br>Allentown, Pa 18103<br>        Plaintiff<br>v.<br><br>COWBOY LOGIC, LLC t/a and/<br>or d/b/a HOME INSTEAD<br>NORTHAMPTON<br>2508 Schoenersville Road,<br>Bethlehem, PA 18017<br><br>    and<br><br>MATTHEW SORRIA<br>2508 Schoenersville Road,<br>Bethlehem, PA 18017<br>        Defendants | NO.:<br><br>JURY TRIAL DEMANDED |

## **INDIVIDUAL, COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, APRIL KERN, Individually and on behalf of herself and those similarly situated, by and through undersigned counsel, hereby files the instant Individual, Collective and Class Action Complaint against Defendants COWBOY LOGIC, LLC t/a and/or d/b/a HOME INSTEAD NORTHAMPTON and MATTHEW SORRIA and in support thereof avers as follows:

### **INTRODUCTION**

1. This action seeks compensation on behalf of Plaintiff Individually as well as all those similarly situated as defined below for overtime compensation and straight time wages owed and due for work performed.

2.      It is specifically averred that Defendants' pay and overtime pay policies and practices violate the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA") for failing to pay both Plaintiff and those similarly situated all legally required wages due for work they performed.

3.      Further, it is specifically believed that Defendants unlawfully deprived Plaintiff and those similarly situated of both straight time and overtime wages due in being incorrectly and unlawfully characterized as salaried employees in performing their duties as Home Health Aides, a well-established category of non-exempt employees pursuant to the FLSA and PMWA.

## PARTIES

4.      Plaintiff, April Kern, is an adult individual with an address of 905 South Poplar Street, Allentown PA 18103 and who was, at all times relevant employed on a full-time basis as a Home Health Aide and who was an employee for purposes of the FLSA and PMWA.

5.      Upon information and belief, Defendants employ between five (5) and fifty (50) similarly situated Home Health Aides at its various locations and is an employer for purposes of the FLSA and PMWA.

6.      The "Collective and Class Action Plaintiffs" refers to similarly situated individuals employed by Defendants in the position of Home Health Aide or similar role and/or job title, for whom it is alleged that Defendants have deprived both overtime and straight time wages in being improperly and unlawfully characterized as salaried employees pursuant to the FLSA and PMWA.

7. Defendant, Cowboy Logic t/a and/or d/b/a Home Instead Northampton, is a Pennsylvania Limited Liability Corporation with headquarters located at an address of 2508 Schoenersville Road, Bethlehem, PA 18017 where it provides skilled nursing services and other therapeutic services including Home Health Aide services throughout Northampton and Lehigh Counties.

8. Upon information and belief, Cowboy Logic, LLC trades as or does businesses as Home Instead Northampton, which is, for all intents and purposes, an alter ego of Defendant, Cowboy Logic, LLC and which manages or maintains common assets to both business entities.

9. Defendant, Matthew Sorria, is the principal and owner of Defendant, Cowboy Logic, LLC t/a and/or d/b/a Home Instead Northampton, and is therefore individually liable for all damages requested herein pursuant to the PMWA and FLSA.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiffs claims arise under federal law, the FLSA.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims under the PMWA because those claims rise out of the same nucleus of operative facts as the FLSA claims presented.

12. Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the FLSA violations alleged below occurred in this District and because both parties are found in this District.

## **INDIVIDUAL FLSA AND PMWA ALLEGATIONS**

13. Plaintiff was hired by Defendants in or about March 2023 in the position of Home Health Aide where she has since maintained full-time employment, working in excess of forty (40) hours per week, until June 2024, when her employment was terminated.

14. Plaintiff's job duties involved assisting clients in their homes with daily living, vocational and therapeutic needs, distributing medications, and assisting with all activities of daily living.

15. In her position, Plaintiff maintained no independent decision-making authority, was not engaged in professional work of any sort and did not otherwise perform work that was within any of the overtime exemptions pursuant to the PMWA and FLSA.

16. Plaintiff was paid a flat fee bi-weekly equivalent to hourly pay of $14.00 per hour, $15.00 per hour, and $22.50 per hour, presumably based upon the client's source of payment to Defendants.

17. Pursuant to a document prepared by Defendants and signed and certified by Defendant, Matthew Sorria, Plaintiff routinely worked in excess of 40 hours per week. A copy of the referenced signed and certified document displaying the hours allegedly worked by Plaintiff admitting that her job was characterized as "salaried" and that her hourly rate of pay alternated is attached hereto and incorporated herein as Exhibit 'A."

18. According to Exhibit "A," Plaintiff was underpaid as follows:

    a. From March 1 to March 15, 2023, Plaintiff worked 221.9 hours resulting in a minimum underpayment of overtime hours totaling 141.9 during this two-week period:

4

b. From March 16 to March 31, 2023, Plaintiff worked 99.5 hours resulting in a minimum underpayment of overtime hours of 19.5 during this two-week period;

c. From April 1 to April 15, 2023, Plaintiff worked 144.83 hours resulting in a minimum underpayment of overtime hours of 64.83 during this two-week period;

d. From April 16 to April 30, 2023, Plaintiff worked 137.88 hours resulting in a minimum underpayment of overtime hours of 57.88 during this two-week period;

e. From May 1 to May 15, 2023, Plaintiff worked 219.75 hours resulting in a minimum underpayment of overtime hours of 139.75 during this two-week period;

f. From May 16 to May 31, 2023, Plaintiff worked 188 hours resulting in a minimum underpayment of overtime hours of 108 during this two-week period;

g. From June 1 to June 15, 2023, Plaintiff worked 174 hours resulting in a minimum underpayment of overtime hours of 94 during this two-week period;

h. From June 16 to June 30, 2023, Plaintiff worked 149.25 hours resulting in a minimum underpayment of overtime hours of 69.25 during this two-week period;

i.  From July 1 to July 15, 2023, Plaintiff worked 210.97 hours resulting in a minimum underpayment of overtime hours of 130.97 during this two-week period:

j.  From July 16 to July 31, 2023, Plaintiff worked 178.5 hours resulting in a minimum underpayment of overtime hours of 98.5 during this two-week period:

k.  From August 1 to August 15, 2023, Plaintiff worked 160.08 hours resulting in a minimum underpayment of overtime hours of 80.08 during this two-week period:

l.  From August 16 to August 30, 2023, Plaintiff worked 166.38 hours resulting in a minimum underpayment of overtime hours of 86.38 during this two-week period:

m.  From September 1 to September 15, 2023, Plaintiff worked 149.7 hours resulting in a minimum underpayment of overtime hours of 69.7 during this two-week period:

n.  From September 16 to September 30, 2023, Plaintiff worked 97.45 hours resulting in a minimum underpayment of overtime hours of 17.45 during this two-week period:

o.  From October 1 to October 15, 2023, Plaintiff worked 108.5 hours resulting in a minimum underpayment of overtime hours of 28.5 during this two-week period:

6

p. From October 16 to October 31, 2023, Plaintiff worked 105.5 hours resulting in a minimum underpayment of overtime hours of 25.5 during this two-week period:

q. From November 1 to November 15, 2023, Plaintiff worked 94.75 hours resulting in a minimum underpayment of overtime hours of 14.75 during this two-week period:

r. From November 16 to November 30, 2023, Plaintiff worked 178.25 hours resulting in a minimum underpayment of overtime hours of 98.25 during this two-week period:

s. From December 1 to December 15, 2023, Plaintiff worked 179.5 hours resulting in a minimum underpayment of overtime hours of 99.5 during this two-week period:

t. From January 2 to January 15, 2024, Plaintiff worked 131.5 hours resulting in a minimum underpayment of overtime hours of 51.5 during this two-week period:

u. From January 16 to January 31, 2024, Plaintiff worked 136.25 hours resulting in a minimum underpayment of overtime hours of 56.25 during this two-week period:

v. From February 1 to February 15, 2024, Plaintiff worked 124.52 hours resulting in a minimum underpayment of overtime hours of 44.52 during this two-week period:

  w.  From February 16 to February 29, 2024, Plaintiff worked 137.25 hours resulting in a minimum underpayment of overtime hours of 57.25 during this two-week period:

19. Despite her non-exempt status, Plaintiff was nonetheless improperly and unlawfully characterized as a "salaried" employee. During her employment Plaintiff routinely worked in excess of 40 hours per week for which she was not compensated at an overtime rate of pay.

20. Defendants were aware that Plaintiff was performing work which was non-exempt pursuant to the PMWA and FLSA nonetheless failed and refused to pay her both straight time and overtime wages due and owing under both acts.

21. Based on the information in Plaintiff's possession it is known that she is owed hours in overtime pay in violation of the PMWA and FLSA.

22. Plaintiff reserves the right to include in all claims for wages due and owing to be discovered materials during the course of discovery.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this action for violations of the FLSA as an individual and collective action pursuant FLSA, 29 U.S.C. §216(b) on behalf of the Collective and Class Action Plaintiffs, *i.e.*, all persons who were employed by Defendants as Home Health Aides or similar job titles with similar duties and whom were not paid for all straight time and overtime hours due and owing pursuant to the FLSA.

24. Plaintiff and the Collective and Class Action Plaintiffs are similarly situated and have substantially similar non-professional and non-managerial job duties with

substantially similar pay provisions and who have been subjected to Defendants unlawful wage practices as described.

25. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join the present lawsuit.

26. These similarly situated employees are believed to be between five (5) and one fifty (50) persons, are known to Defendants and are readily identifiable by Defendants and who can be easily located through Defendants' own personnel records.

27. Therefore, Plaintiff should be properly permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated pursuant to the "opt in" provisions of the FLSA, 29 U.S.C. §216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action for violations of the Pennsylvania Minimum Wage Act as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Collective and Class Action Plaintiffs, *i.e.*, all persons who performed work as Home Health Aide and/or similar positions requiring similar job duties for Defendants and who worked in this capacity at any point preceding the date that this action was filed.

29. This class is substantially numerous to the effect that a joinder would be impractical. It is believed that while Plaintiff does not know the exact size of the class as such information is in the control of the Defendants, it is believed and therefore averred, that the number of potential class members is between five (5) and fifty (50).

30. Plaintiff's individual claims are typical of the claims of the collective action Plaintiffs as defined above because like Plaintiff, all were employees of Defendants within the last three (3) years and held the job title of Home Health Aide or similar job title with substantial job duties and whom were not paid overtime or straight wages for work beyond the forty (40) hour workweek.

31. Plaintiff will fairly and adequately protect the interests of these collective action Plaintiffs because her interests are aligned and not in any manner in conflict with those of this potential class.

32. No mechanical difficulties are anticipated in the management of this potential class action that would preclude its maintenance because the potential class members are either current or former employees of Defendants and may be contacted through Defendants' own personnel files.

33. A class action is the best method for the fair and efficient adjudication of this controversy as such treatment shall allow all similarly situated individuals to prosecute their common claims in single form simultaneously and because prosecution of separate actions by these individual members would create inconsistent or varying adjudications.

34. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 et seq.

**(Plaintiff and the Collective and Class Action Plaintiffs v. Defendants)**

35. Plaintiff hereby incorporates all of the foregoing paragraph as if set forth fully below.

10

36. Pursuant to the FLSA, employers, including Defendants are required to pay all non-exempt employees at one and one-half times the employee's regular rate of pay for all time worked in excess of forty (40) hours during a week.

37. For the full term of her employment, Defendants failed to pay Plaintiff and the Collective action Plaintiffs, non-exempt employees, either the flat straight time hourly rate owed for all work hours in willful violation of the FLSA, requiring that all hours over forty (40) each week be paid at one and one-half times the employee's regular rate of pay.

38. Defendants willfully failed to compensate Plaintiff and the Collective and Class Action Plaintiffs overtime and straight time compensation.

39. As the result of Defendants' failure to pay overtime for hours worked to both Plaintiff and the Collective and Class Action Plaintiffs, Defendants violated and continues to violate the FLSA.

40. For the full term of their employment, Defendants willfully failed to maintain accurate records of Plaintiff and the Collective and Class Action Plaintiffs' hours, and failed to pay them for all of her hours worked in excess of forty (40) hours.

**WHEREFORE,** Plaintiffs seeks all damages available under the FLSA, inclusive of its liquidated damages provisions, the costs of suit and attorney's fees.

## COUNT II – VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

**(Plaintiff and the Collective and Class Action Plaintiffs v. Defendants)**

41. Plaintiff hereby incorporates all of the foregoing paragraph as if set forth fully below.

42. Pursuant to the PMWA, employers are required to compensate all employees for all hours worked and to pay all non-exempt employees at one and one-half times the employee's regular rate of pay for all time worked in excess of forty (40) hours during a week.

43. For the full term of their employment, Defendants willfully failed to maintain accurate records of Plaintiff and the Collective and Class Action Plaintiffs' hours, and failed to pay them for all of their hours worked in excess of forty (40) hours.

44. Defendants willfully failed to compensate Plaintiff and the Collective and Class Action Plaintiffs overtime and straight time compensation.

45. As the result of Defendants' failure to pay straight time and overtime hours worked to both Plaintiff and the Collective and Class Action Plaintiffs, Defendant violated and continues to violate the PMWA.

46. For the full term of their employment, Defendants failed to maintain accurate records of Plaintiff and the Collective and Class Action Plaintiffs' hours and failed to pay them for all of their hours worked in excess of forty (40) hours.

**WHEREFORE,** Plaintiffs seeks all damages available under the PMWA, inclusive of the costs of suit and attorney's fees.

By: /s/

ADAM D. MESHKOV, ESQUIRE
*Attorney for Plaintiff*
830 Lehigh Street
Easton, PA 18042
(T) 610.438.6300 / (F) 610.438.6304

Date: 2/4/25

# EXHIBIT A

Cowboy Logic llc, dba Home Instead Northampton

I certify that the worked hours of April Kern, identified in this list are confirmed and true.
She is a salary employee who went from a $14/hr equivalent rate to $15/hour rate on 1 July 2023.
Her salary was based on the amount which she asked for. Extra hours were
paid out to her or were banked and paid to her at a later time when asked for. Example of August pay
at during 1-15th pay out of extra large sum of $4447.

Mar - Jun salary for 130 hours of work each cycle @ $14 = $1820
Jul- present for 130 hours each period @ $15 = $1950

several advances along the way with somepaying of all 'extra' hours over 130 when

earned, caused all fluctions.
The data below is accurate and matches our data base.
VR, Owner : Matthew Soria 3/11/2024           610-868-7333

| Employee | Pay period | worked hours | Rate |
|---|---|---|---|
| April Kern | 16-29 Feb 2024 | 137.25 | $15/hr |
| | 1-15 Feb 2024 | 124.52 | $15/hr |
| | 16-31 Jan 2024 | 136.25 | $15/hr |
| | 2-15 Jan 2024 | 131.5 | $15/hr |
| | 31 Dec 23 - 1 Jan 24 | 21.5 | $22.5 / hr |
| | 26 dec - 30 dec 23 | 39.3 | $15/hr |
| | 24-25 Dec 2023 | 18.4 | $22.5/hr |
| | 16-23 dec 2023 | 76.9 | $22.5/hr |
| | 1-15 Dec 2023 | 179.5 | $15/hr |
| | 16-30 Nov 203 | 178.25 | $15/hr |
| | Thxgiving day | 9 | $22.5/hr |
| | 1-15 Nov 23 | 94.75 | $15/hr |
| | 16-31 Oct 2023 | 105.5 | $15/hr |
| | 1-15 oct 23 | 108.5 | $15/hr |
| | 16-30 sept 23 | 97.45 | $15/hr |
| | 1-15 sept 23 | 149.7 | $15/hr |
| | 16-31 aug 23 | 166.38 | $15/hr |
| | 1-15 aug 23 | 160.08 | $15/hr |
| | 16-31 jul 23 | 178.5 | $15/hr |
| | 1-15 Jul 23 | 210.97 | $15/hr |
| | 4th july | 17 | $22.5hr |
| | 16-30 Jun 23 | 149.25 | $14/hr |
| | 1-15 jun 23 | 174 | $14/hr |
| | 16-31 may 23 | 188 | $14/hr |
| | 1-15 may 23 | 219.75 | $14/hr |
| | 16-30 apr 23 | 137.88 | $14/hr |
| | 1-15 apr 23 | 144.83 | $14/hr |
| | 16-31 mar 23 | 99.5 | $14/hr |
| | 1-15 mar 23 | 221.9 | $14/hr |
| | hired March 2023 | | |