**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

APRIL KERN,

     **Plaintiff,**

  v.

COWBOY LOGIC, LLC d/b/a HOME
INSTEAD NORTHAMPTON and
MATTHEW SORIA

     **Defendants.**

Civil Action No. 5:25-cv-00612

## ANSWER

Defendant Cowboy Logic, LLC d/b/a Home Instead Northampton ("Cowboy Logic") and Matthew Soria ("Soria") (collectively "Defendants") (incorrectly sued herein as "Matthew Sorria"), by their attorneys Lewis Brisbois Bisgaard & Smith LLP, respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### INTRODUCTION[1]

1. Deny the allegations contained in paragraph 1 except admits that Plaintiff purports to proceed as set forth therein.

2. Deny the allegations contained in paragraph 2 and respectfully refers all questions of law to the Court.

3. Deny the allegations contained in paragraph 3 and respectfully refers all questions of law to the Court.

---

[1] For ease of reference, Defendants' Answer duplicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles can be construed to contain factual allegations, those allegations are denied. The abbreviation in the Complaint are also used herein.

154678201.2

## PARTIES

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, except admits that Plaintiff previously performed work for Defendant.

5. Deny the allegations contained in paragraph 5.

6. Deny the allegations contained in paragraph 6 except admits that Plaintiff purports to proceed as set forth therein.

7. Deny the allegations contained in paragraph 7, except admit that Defendant Cowboy Logic LLC is a limited liability company with offices at 2508 Schoenersville Road, Bethlehem, PA 18017.

8. Deny the allegations contained in paragraph 8.

9. Deny the allegations contained in paragraph 9.

## JURISDICTION AND VENUE

10. Deny the allegations contained in paragraph 10 except admits that Plaintiff seeks to invoke this Court's jurisdiction and respectfully refers all questions of law to the Court.

11. Deny the allegations contained in paragraph 11 except admits that Plaintiff seeks to invoke this Court's jurisdiction and respectfully refers all questions of law to the Court.

12. Deny the allegations contained in paragraph 10 except admits that Plaintiff seeks to invoke this Court's venue and respectfully refers all questions of law to the Court.

## INDIVIDUAL FLSA AND PMWA ALLEGATIONS

13. Deny the allegations contained in paragraph 13, except admit that Plaintiff previously performed work for Defendant Cowboy Logic LLC.

14. Deny the allegations contained in paragraph 14.

154678201.2

15. Deny the allegations contained in paragraph 15 and respectfully refer all questions of law to the Court.

16. Deny the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17 and respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

18. Deny the allegations contained in paragraph 18, including all sub-parts and sub-paragraphs, and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22 except admits that Plaintiff purports to proceed as set forth therein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Deny the allegations contained in paragraph 23 except admits that Plaintiff purports to proceed as set forth therein.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27 except admits that Plaintiff purports to proceed as set forth therein.

154678201.2

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

28. Deny the allegations contained in paragraph 28 except admits that Plaintiff purports to proceed as set forth therein.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32 and respectfully refers all questions of law to the Court.

33. Deny the allegations contained in paragraph 33 and respectfully refers all questions of law to the Court.

34. Deny the allegations contained in paragraph 34 and respectfully refers all questions of law to the Court.

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 et. seq.

35. Defendants repeat and incorporate each and every response contained in paragraphs 1 through 34 as if fully set forth herein.

36. Deny the allegations contained in paragraph 36 and respectfully refers all questions of law to the Court.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39.

40. Deny the allegations contained in paragraph 40.

154678201.2

**WHEREFORE**, Defendants deny any and all liability to Plaintiff and deny that Plaintiff is entitled to recover for any specified damages set forth in her prayer for relief or otherwise.

### COUNT II – VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT
### (Plaintiff and the Collective and Class Action Plaintiffs v. Defendants)

41. Defendants repeat and incorporate each and every response contained in paragraphs 1 through 40 as if fully set forth herein.

42. Deny the allegations contained in paragraph 42 and respectfully refers all questions of law to the Court.

43. Deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46.

**WHEREFORE**, Defendants deny any and all liability to Plaintiff and deny that Plaintiff is entitled to recover for any specified damages set forth in her prayer for relief or otherwise.

### AFFIRMATIVE DEFENSES

Defendants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein. The following affirmative defenses are asserted herein and any inadvertent omission of an affirmative defense shall not be deemed an admission, and Defendants do not waive any rights herein. Defendants are not assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Defendants reserve the right to amend or support these affirmative defenses should subsequent discovery and disclosures so require.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

154678201.2

**SECOND AFFIRMATIVE DEFENSE**

The claims stated are barred or limited, in whole or in part, by the applicable statute of limitations and/or governing administrative time limitations.

**THIRD AFFIRMATIVE DEFENSE**

The claims stated are barred or limited, in whole or in part, by the doctrines of unclean hands, laches, accord, satisfaction, discharge, release, estoppel and/or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no damages attributable to actionable conduct by Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks any statutory or other basis to recover compensatory damages or any other damages, injunctive relief, attorneys' fees and/or costs of suit in this action.

**SIXTH AFFIRMATIVE DEFENSE**

The claims stated are barred or limited, in whole or in part, by Plaintiff's failure to mitigate alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

No actions or omissions of Defendants' were the proximate cause of any alleged injury, loss, or damage to Plaintiff and, thus, the Complaint and all claims stated therein should be dismissed because there is no causal connection between the asserted claims and any damages Plaintiffs have allegedly suffered.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, were caused, in whole or in part, by her own acts or omissions, and as a result her claims are barred or limited by the doctrines of comparative or contributory negligence and/or the doctrine of avoidable consequences.

154678201.2

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

## TENTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by Plaintiff was caused in whole or in part, or were exacerbated by, Plaintiff's own negligence, fraudulent, improper, unlawful and/or culpable conduct or omissions, or that of third parties, and, accordingly, Plaintiff's claims are therefore barred or diminished in the proportion that such conduct or omissions bears to the total culpable conduct causing the alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. § 216(b) because, *inter alia*, Plaintiff is not similarly situated to the member of the putative collective as defined in the complaint

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to meet the criteria necessary to maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she has no standing or no private right of action exists to enforce one or more statutes and/or regulations cited by the Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief to the extent there is an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff was compensated beyond their actual entitlement, such additional compensation would satisfy in whole or part of the claims herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not covered by the statutes and regulations pursuant to which her claims are brought.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims stated are barred, in whole or in part, because any uncompensated work time was *de minimis* and/or because any alleged damages are speculative.

### TWENTIETH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Some or all of the compensation sought by Plaintiff is not based on any compensable working time under the applicable statutes and regulations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff was paid properly under the applicable wage and hour laws.

154678201.2

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because any acts or omission giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omission were not a violation of the FLSA or the PMWA or any other applicable federal, state or local laws, rules, regulations, statutes, ordinances or guidelines and, as such, Defendants assert a lack of willfulness or intent to violate the FLSA or the PMWA and Plaintiff cannot recover any damages in this matter, including but not limited to liquidated damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The requests for damages stated in the Complaint are barred or limited, in whole or in part, by Defendants' good faith efforts to comply with all applicable laws, rules and regulations.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages due to Defendants' good faith belief that Plaintiff was properly paid, and further is not entitled to cumulative liquidated damages with respect to her FLSA and PMWA claims.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants had no knowledge of, nor should it have had knowledge of, any alleged uncompensated work by Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's federal claim fails, pendent or supplemental jurisdiction should not be exercised over any of Plaintiff's state claims.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Individual coverage under the FLSA does not apply to Plaintiff or any of Defendants' employees.

154678201.2

## **RESERVATION OF RIGHTS**

Defendants reserve the right to amend this Answer and to assert such additional affirmative and/or separate defenses as are made known during discovery.

**WHEREFORE**, Defendants respectfully requests that the Court:

1.    Dismiss the Complaint in its entirety with prejudice;

2.    Award Defendants costs and expenses incurred in connection with defending this action, including reasonable attorneys' fees; and

3.    Grant such other and further relief as is just and proper.

Respectfully submitted,

Dated: March 27, 2025                **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:  */s/ Adam E. Collyer*
      Adam E. Collyer, Esq.
      550 E. Swedesford Road, Suite 270
      Wayne, PA 19087
      (215) 977-4060
      Adam.Collyer@lewisbrisbois.com

      Tova L. Rabin, Esq.
      550 E. Swedesford Road, Suite 270
      Wayne, PA 19087
      (215) 977-4060
      Tova.Rabin@lewisbrisbois.com
      *Attorneys for Defendants*

154678201.2

## <u>CERTIFICATE OF SERVICE</u>

I, Adam E. Collyer, Esquire, hereby certify that, on this date, I caused the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.

*/s/ Adam Collyer*
Adam E. Collyer, Esq.

DATED:  March 27, 2025

154678201.2