IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL KERN, : | |
|       Plaintiff, : | |
| : | |
| v. : | Civil No. 5:25-cv-00612-JMG |
| : | |
| COWBOY LOGIC, LLC, *et al.* : | |
|       Defendants. : | |

**ORDER**

**AND NOW,** this 17th day of November, 2025, upon consideration of the Motion for Approval of Notice of Settlement of Collective Action Lawsuit (ECF No. 36), **IT IS HEREBY ORDERED** that the Motion (ECF No. 36) is **DENIED without prejudice**.[1]

---

[1] There are several issues with the Motion and accompanying Exhibits. This Court will highlight a few.

First, the Proposed Order refers to Exhibit A (the Settlement Agreement) for applicable deadlines, yet those deadlines are not readily identifiable. For instance, the deadline for class members to submit claims is based on the date the Claims Administrator postmarks the claim forms. *See* ECF No. 36-1, Ex. A ¶¶ 4, 6. Moreover, the deadlines are inconsistent. Paragraphs 4 and 6 of Exhibit A provide for a 60-day period following the postmark date of the Settlement Notice and Claim Forms, whereas Paragraph 36(e) allows only 45 days from the postmark date.

Second, the proposed Notice is insufficient. The Notice leaves a blank space where the relevant date should appear. *See* ECF No. 36-2, Ex. B. p. 2. Without an identified date, the Court cannot determine whether notice was timely and sufficient without reviewing each individual Notice.

Third, the definition of the "Settlement Class" is contradictory. The Settlement Agreement defines the class as covering the years 2022 through 2024. *See* ECF No. 36-1, Ex. A ¶ 26. However, the Proposed Notice defines the class as covering only 2023 through 2024. *See* ECF No. 36-2, Ex. B at 1.

Finally, the Agreement provides that all class members will be bound by a complete release of claims, even if they do not sign or return a release form. *See* ECF No. 36-1, Ex. A ¶ 32(c). The Agreement justifies this on the basis that the class is "so numerous" that counsel cannot expect to receive all release forms. *See id.* ¶¶ 9, 15, 32(c). However, the Notice states there are only 19 class members. *See* ECF No. 36-2, Ex. B. This inconsistency is concerning, and, in any event, the inclusion of a release provision binding individuals who have not affirmatively agreed to it raises significant issues, particularly given that releases of FLSA claims are strongly disfavored.

**IT IS FURTHER ORDERED** that the Parties shall refile their Motion by no later than **January 12, 2026**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge