UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL KERN<br><br>          Plaintiff,<br>v.<br><br>COWBOY LOGIC, LLC t/a and/<br>or d/b/a HOME INSTEAD<br>NORTHAMPTON<br><br>    and<br><br>MATTHEW SORRIA<br><br>          Defendants. | Docket No.: 5:25-cv-00612 |

## SECOND MOTION TO APPROVE NOTICE OF COLLECTIVE ACTION LAWSUIT SETTLEMENT

**I.    Factual Statement and Procedural History**

On February 4, 2025, Plaintiff commenced this action by the filing of a Complaint alleging that Defendants' failed to pay her overtime pay pursuant to the Fair Labor Standards Act 29. U.S.C. § 201, *et seq.* ("FLSA") and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 333.101 *et seq.* ("PMWA") (Dkt. No. 1). The Complaint alleges, in essence, that Plaintiff and those similarly situated in the position of Home Health Aide or similar role and/or job title were improperly characterized as salaried employees. *Id.*

On March 27, 2025, Defendants filed an Answer to the Complaint denying the allegations. (Dkt. No. 10). In May 2025, Defendants produced limited discovery including job descriptions and pay records relating to both the named Plaintiff and other co-workers who held similar positions. On July 1, 2025, Plaintiff filed a Motion for Conditional Certification of her FLSA claims which was unopposed by Defendants and approved by this Court's Order of August 6,

2025. (Dkt. No. 23-26). Following the approval of conditional certification, Defendants produced to Plaintiff complete discovery consisting of both job descriptions and pay records relating to all similarly situated co-workers to Plaintiff employed during the same period of time. By Plaintiff's counsel's analysis of these records, it appeared that Defendants could be found responsible for payment of overtime wages in the amount of $100,000.

On August 19, 2025, the parties attended an in-person Settlement Conference with the Honorable Pamela A. Carlos, U.S.M.J. It was understood by the parties and by Judge Carlos that the efforts undertaken were directed to a settlement of this case "in principle" and that the settlement sum would need to account for all overtime owed to all 19 potential opt-in collective action members (the "potential opt-ins"). As a result of the conference, which took a majority of the day, the parties reached a settlement in principle of this case for the sum of $135,000. This sum will properly account for all potential opt-ins to the class, which is limited in scope, in addition to all reasonable attorney's fees and costs incurred by Plaintiff's counsel.

On October 9, 2025, Plaintiff filed a Motion for Approval of Notice of Settlement of Collective Action Lawsuit. (Dkt. No. 36). By Order of November 17, 2025, the motion was denied without prejudice, noting several of the Court's concerns with the language contained in the proposed order, notice and settlement agreement. (Dkt. No. 37).

Plaintiff now files this second Motion for Approval of Notice of Settlement of Collective Action lawsuit in which the Court's concerns expressed in its Order of November 15, 2025 have been addressed.[1]

---

[1] Defendants do not oppose this Motion.
169856910.2   2

## II. Legal Argument

Courts have routinely found that facilitation of notice serves the important policy goals of preserving judicial economy, reducing duplicative litigation, and lowering the cost of litigation. The Supreme Court has emphasized that collective actions further the remedial purpose of the FLSA by allowing individual employees to pool their resources to enforce their rights. *Hoffmann-La Roche*, 293 U.S. at 170-71. At the same time, collective actions serve the interest of the courts and of all parties by providing an efficient means to resolve all common issues resulting from an unlawful policy or practice in a single proceeding. *Id.; Evans v. Lowe's Home Centers*, Inc., No. 2006 WL 1371073, at *5 (M.D. Pa. May 18, 2006) (collective actions enable the "lowering cost and limiting the controversy to one proceeding to efficiently resolve the common issues of law and fact."); *see also Gallagher v. Lackawanna Cty.*, No. 07-CV-0912, 2008 WL 9375549, at *7 (M.D. Pa. May 30, 2008) (same).

Here, the settlement reached in principle adequately protects the interests of Plaintiff and all potential opt-ins. A copy of the proposed Settlement Agreement is attached as Exhibit "A."[2] Plaintiff does not intend to pursue her Pennsylvania Minimum Wage Act ("PMWA") claim as a class action under Federal Rule of Civil Procedure 23 which will be formally withdrawn pending receipt of any opt-in forms and because the settlement sum adequately compensates all potential opt-ins. Per the terms of the SAR at paragraph 36, Defendants agree that within seven (7) days of the Court's entry of the proposed order that it will provide to the Claims Administrator the list of opt-in member which will, within fourteen (14) days of the date of the order then notify all such individuals of the existence of the class and settlement and then provide a period of sixty (60) days

---

[2] The inconsistencies pointed out in the originally proposed Settlement Agreement and Release (SAR) have been addressed. As to the Court's concerns with the release of claims language, Defendant will submit a Supplemental Brief in support of this Motion addressing this issue which Plaintiff does not oppose.

169856910.2   3

to submit opt-in claims forms and sixty (60) days to object. A copy of the proposed Notice of Settlement of Collective Action Lawsuit and Consent to Join are attached as Exhibits "B" and "C," respectively.[3]

Following the opt-in and objection period, Plaintiff shall submit a Motion for Approval of this FLSA Collective Action to include allocation of the settlement proceeds to all opt-ins who returned the consent forms and all details concerning the payment of attorney's fees and costs in accordance with the standards required for such approval. Defendants will not oppose Plaintiff's Motion for Approval of the FLSA Collective Action.

### III. Conclusion

For the above reasons, the parties jointly request this Court's approval of the proposed Notice of Proposed Settlement of Collective Action Lawsuit.

MESHKOV & BRESLIN, LLC

Date: 1/16/26

*Adam D. Meshkov*
ADAM D. MESHKOV, ESQUIRE
830 Lehigh Street
Easton, PA 18042
(T) 610-438-6300 / (F) 610-438-6304
Email: adm@meshkovbreslin.com
*Attorney for Plaintiff*

---

[3] The substantive issues concerning the proposed notice and claims form have attempted to be addressed. The dates bar date on the notice and claims form are blank and have been provided in draft form because these dates are dependent upon the Court's decision on the instant Motion. The proposed Settlement Agreement (Exhibit "A") and proposed Notice of Claim (Exhibit "B" at p. 1) now reflect a bar date of 74 days from the date that preliminary approval of is granted. The proposed Settlement Agreement (Exhibit "A" at para. 4) also now provides a timeline of 14 days from the date that preliminary approval is granted within which the Claims Administrator, Simpluris, is to provide the Notice of Claim (Exhibit "A" at paras. 33, 36). If approved, the Notice of Claim will be circulated with identical language and the appropriate dates will be inserted. Proof of same sent to the Court separately if required and to be included in the final Motion to Approve Settlement.

169856910.2    4